| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>Manhattan Division | PJH 9510<br>Tax ID No. 11 3178696 |
| In re:<br><br>THESSA GRANEICE ROY,<br><br>    Debtor. | Bankr. Case No.: 19-13254-jlg<br><br>Chapter 7 |
| THESSA GRANEICE ROY,<br><br>    Plaintiff,<br>v.<br><br>NAVIENT SOLUTIONS, LLC, and<br>NATIONAL COLLEGIATE STUDENT<br>LOAN TRUST 2007-2,<br><br>    Defendants. | Adv. Proc. No.: 20-01002-jlg |

**STIPULATION IN SETTLEMENT OF ADVERSARY PROCEEDING BETWEEN PLAINTIFF AND NAVIENT SOLUTIONS, LLC AND FOR DISMISSAL OF NAVIENT AS A DEFENDANT IN THIS ADVERSARY PROCEEDING**

The Plaintiff, Thessa Graneice Roy ("the Plaintiff"), and Defendant, Navient Solutions, LLC ("Navient"), by and through their undersigned counsel, hereby agree as follows:

WHEREAS, on October 15, 2019, the Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code;

WHEREAS, on January 8, 2020, the Plaintiff filed a Complaint naming, *inter alia*, Navient as a Defendant, seeking a discharge of educational loan debt under 11 U.S.C. § 523(a)(8);

WHEREAS, on February 4, 2020, Navient filed its Answer to the Plaintiff's Complaint;

WHEREAS, the Plaintiff is indebted to Navient pursuant to the applicable terms of three (3) educational loan Promissory Notes ("Promissory Notes"), executed by the Plaintiff to obtain educational loans ("Student Loans"), with approximate balances, as of the filing of this adversary proceeding, as follows:

a. one (1) educational loan initially disbursed on or about February 5, 2008, with a balance, including principal and interest, totaling $20,452.09;

b. one (1) educational loan initially disbursed on or about July 14, 2008, with a balance, including principal and interest, totaling $47,821.89; and

c. one (1) educational loan initially disbursed on or about October 23, 2009, with a balance, including principal and interest, totaling $43,949.17.

WHEREAS, as of the filing of this adversary proceeding, there was a balance due and owing under the Plaintiff's Promissory Notes, including principal and interest, in the aggregate amount of approximately $112,223.15 ("Outstanding Balance"), with variable interest rates, and with interest accruing thereafter pursuant to the Plaintiff's Promissory Notes;

WHEREAS, the Outstanding Balance is currently due and owing on the Promissory Notes and the Student Loans evidenced by the Promissory Notes are non-dischargeable educational loans, pursuant to 11 U.S.C. §523(a)(8);

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Plaintiff and Navient, as follows:

1. For so long as the Plaintiff does not default under this Stipulation, the Outstanding Balance shall be reduced to $80,000 ("Reduced Balance"), and the variable interest rates shall be reduced to a fixed rate of 1% ("Reduced Interest"), and the Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $301.50 per month for a period of three-hundred (300) consecutive months. The first monthly payment is due to be received by Navient on or

before September 22, 2020, with subsequent payments to be received on or before the twenty-second (22nd) day of each month thereafter.

2. All payments pursuant to this Stipulation shall note the Plaintiff's ten digit account number, ******7047 (redacted here for privacy reasons) on the payment and shall be mailed to, "Navient Solutions, LLC, P.O. Box 9000, Wilkes-Barre, PA 18773-9000," or to any other address provided to the Plaintiff by Navient in writing.

3. The following shall be Events of Default hereunder: (a) the Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date without securing Navient's agreement to a forbearance of such payment(s); or (b) the Plaintiff commences any further legal proceedings against Navient, its predecessors, successors or assigns, seeking discharge of the debt at issue.

4. Upon the occurrence of an Event of Default under this Stipulation, pursuant to Paragraph 3(a) of this Stipulation, a default penalty equal to 15% of the remaining unpaid Reduced Balance at the time of default may be assessed against the defaulted account as an additional non-dischargeable sum, pursuant to 11 U.S.C. §523(a)(8), in addition to any other remedies permitted under the applicable terms of the Promissory Notes.

5. Upon the occurrence of an Event of Default under this Stipulation, pursuant to Paragraph 3(b) of this Stipulation, any forgiveness of the principal and interest is revoked, and the Plaintiff will be liable for the full amount of the Outstanding Balance, as referenced above, plus interest pursuant to the applicable terms of the Promissory Notes for the Plaintiff's Student Loans (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal).

6. There is no penalty for prepayment under this Stipulation but any prepayment, unless it is payment in full, does not relieve the Plaintiff of the obligation to make ongoing monthly payments.

7. In the event the Plaintiff, pursuant to applicable Navient policy and the terms of the Promissory Notes, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Stipulation is approved, interest will continue to accrue during the time of any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

8. Should any issues arise, related to billing or repayment of the loans subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to the loans subject to this agreement are not in accordance with this Stipulation, the Plaintiff agrees that such issues should be directed to a Supervisor or Manager in Navient's Bankruptcy Litigation Unit, who may be reached at 1-800-251-4127, or to any other telephone number provided by Navient in writing, or in response to a specific borrower inquiry. The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance with this Stipulation.

9. Except as provided in this Stipulation, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference.

10. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto.

11. This Stipulation may be executed in counterparts, or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Stipulation.

12. The parties agree to a dismissal of Navient Solutions, LLC from this adversary proceeding, subject to the terms of this Stipulation, upon approval of this Stipulation by the court.

WHEREFORE, the parties pray this Honorable Court for an Order approving this Stipulation and dismissing Navient Solutions, LLC from the the above-captioned adversary proceeding.

By: /s Austin C. Smith
Austin C. Smith, Esq.
SMITH LAW GROUP
3 Mitchell Place
Suite 24
New York, NY 10017
Telephone: 917-992-2121
Email: austin@acsmithlawgroup.com
Attorney for Plaintiff

By: _____
Paul J. Hooten, Esquire (PJH9510)
PAUL J. HOOTEN & ASSOCIATES
5505 Nesconset Highway
Suite 203
Mt. Sinai, NY 11766
Telephone: (631) 331-0547
Facsimile: (631) 331-2627
E-mail: PJHooten@mindspring.com
Attorneys for Navient Solutions, LLC